Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue, Venice, CA 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

AUGUST IMAGE, LLC, a New York Limited Liability Company,

Plaintiff,

v.

SPINMEDIA GROUP, INC., a Delaware Corporation; MJP CONTENT LABS LLC, an Illinois Limited Liability Company; and DOES 1-10,

Defendants.

Case No.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**Jury Trial Demanded**

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, as set forth below.

## PARTIES

4. August is a New York limited liability company with its principal place of business located at 22 West 23rd Street, 3rd Floor, New York, NY 10010. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive administrator and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant SpinMedia Group, Inc. is a Delaware corporation with a principal place of business located at 275 5th Avenue, 7th Floor, New York, NY 10001.

6. Upon information and belief, Defendant MJP Content Labs, LLC is an Illinois limited liability company with a principal place of business located at 4838 N. Ashland Avenue, Chicago, IL 60640.

7. Upon information and belief, SpinMedia and MJP are doing business in and with California and residents of this judicial district in connection with their ownership, operation, and/or control of Defendants' Website (defined below). Specifically, SpinMedia and MJP collectively, own, operate, and/or control the commercial website socialitelife.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendants' Website"). The "Terms of Service" for Defendants' Website state, among other things, that "[t]hese Terms of Service have been made in and shall be construed and enforced in accordance with California law without regard to any conflict of law provisions," and that lawsuits involving Defendants' Website "shall be brought in the federal or state courts located in Los Angeles, CA"; and the "Privacy Policy" for Defendants' Website specifically references the "California Consumer Privacy Act." Upon further information and belief, the Internet Protocol ("IP") addresses for Defendants' Website are 104.21.234.125 and 104.21.234.124, which are

located in California and are hosted by a California-based company. And upon further information and belief, Defendants' Website displays and distributes content regarding the California-centric entertainment and celebrity gossip industries, as well as content about Los Angeles-based pop culture.

8. Upon information and belief, Defendants Does 1-10 ("Doe Defendants") (altogether with SpinMedia and MJP, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to August, which therefore sues said Doe Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

9. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August's proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPHS

10. August is the exclusive administrator and syndicator of eight original photographs (and the copyrights therein) registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). At all relevant time, August has been the exclusive licensing agent for the Subject Photographs and the photographers who took them. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

11. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, and otherwise exploited the Subject Photographs on Defendants' Website without a license, authorization, or consent from August (collectively, the "Accused Posts").




| | Subject Photographs | Accused Posts |
|---|---|---|
| 1. | AU11007846 | |
| 2. | AU11119823 | |




| | Subject Photographs | Accused Posts |
|---|---|---|
| 3. | AU11256493 | |
| 4. | AU11289547 | |
| 5. | AU1881282 | |



| | Subject Photographs | Accused Posts |
|---|---|---|
| 6. | AU1980052 | |
| 7. | AU2172628 | |




| | Subject Photographs | Accused Posts |
|---|---|---|
| 8. | AU2237085 | |
| 9. | AU234399 | |


Subject Photographs
Accused Posts
10.
AU234400
LOVE > HATE
let's show it some love
11.
AU1766355
Adam Lambert Looks Super Sexy For 'Billboard' Magazine, Talks About Toning Down His Fashion
MODETALENTE



| | Subject Photographs | Accused Posts |
|---|---|---|
| 12. | AU1865302 | |
| 13. | AU1865307 | |




12. To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) on Defendants' Website more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants)**

13. August incorporates by reference the allegations contained in the preceding paragraphs.

14. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs at August's and/or the relevant photographers' website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

15. Upon information and belief, Defendants, and each of them, copied, stored, displayed, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs for commercial purposes on Defendants' Website without a license, authorization, or consent from August.

16. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

18. Upon information and belief, Defendants, and each of them, exploited unauthorized copies of the Subject Photographs with actual or constructive knowledge of, or with reckless disregard or willful blindness for, the copyrights in the Subject Photographs, such that said acts of copyright infringement were willful.

## PRAYER FOR RELIEF

Wherefore, August prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants' and/or their agents, be enjoined from copying, storing, displaying, distributing, and/or otherwise exploiting the Subject Photographs without a license, authorization, or

consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 8, 2024 By: */s/ Stephen M. Doniger*

Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*